UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JESSIE WILSON,

  Plaintiff,

vs.

D&N MASONRY, INC., *et al.*,

  Defendants.

Case No. 1:12-cv-922

Judge Timothy S. Black

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES UNDER RULE 4(d)(2) (Doc. 25)

This civil action is currently before the Court on Plaintiff's motion for costs and attorney's fees (Doc. 25) and Defendants' memorandum in opposition. (Doc. 31).

### I. BACKGROUND

Plaintiff's application to proceed *in forma pauperis* was granted on December 3, 2012 and the Complaint in this case was filed on the same day. (Doc. 2, Doc. 3). Initially, the Court ordered the United States Marshal to serve Defendants with a Summons and the Complaint. (Doc. 4). However, Plaintiff moved to vacate that order, indicating that Plaintiff's counsel had already sent waiver-of-service forms to Defendants. (Doc. 7). In Plaintiff's motion to vacate, which was served on Defendants D&N Masonry, Don DeBello, Nick DeBello, and Cathy DeBello ("D&N and the DeBello Defendants") on December 6, 2012, Plaintiff stated as follows:

> If the waiver-of-service forms are not returned executed by Defendants within thirty days, Plaintiff's counsel will formally serve process upon Defendants under S. D. Ohio Civ. R. 4.2. If such a situation occurs, the Defendants that do not waive service by January 2, 2013 will be responsible for Plaintiff's costs, expenses, and reasonable attorney's fees incurred in perfecting formal service. Fed. R. Civ. P. 4(d). As such, it is unnecessary for the United States Marshal to serve process in this matter.

(Doc. 7 at 2). Plaintiff had already sent waiver-of-service forms to D&N and the DeBello Defendants on December 3, 2012, which contained similar language related to failing to waive service. (Doc. 5).

Ultimately, D&N and the DeBello Defendants failed to waive service, which required Plaintiff to expend costs in the amount of $24.60 to serve these four Defendants – *i.e.*, $6.15 in pre-paid postage for certified U.S. mail, return receipt requested, per Defendant – in order to serve the Summonses and Complaint formally under S.D. Ohio Civ. R. 4.2 on January 4, 2013. (Doc. 12). The same day, D&N and the DeBello Defendants filed and served their Answer. (Doc. 13).

## II. ANALYSIS

The Federal Rules of Civil Procedure provide that a defendant has "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Federal Rule of Civil Procedure 4(d)(2) states that:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

2

"The effect of this rule is to shift the cost of service to a defendant who does not agree to waive formal service." *Mathon v. Marine Midland Bank, et al.*, 875 F.Supp. 986, 991 (E.D.N.Y. 1995). Once a plaintiff notifies a defendant that a waiver of service is being requested, the defendant is thereafter responsible for the costs of service (to include attorney's fees) if the defendant refuses to waive service, "unless good cause for the failure be shown." Fed. R. Civ. P. 4(d)(2).

Here, D&N and the DeBello Defendants have not shown good cause for their failure to waive service pursuant to the Federal Rules.

Once a plaintiff has established that a defendant failed to waive service, the only remaining question is what constitutes reasonable costs and fees. Rule 4(d)(2) is not intended to be a profit center for counsel, however.

Here, Plaintiff incurred $6.15 in pre-paid postage to serve a Summons and Complaint on each of D&N and the DeBello Defendants, for a total of $24.60 in costs; and then prepared a motion and memorandum to recover fees, expending an hour researching the case law on Rule 4(d)(2) and then an additional 2.2 hours preparing his request for costs and fees. Counsel thus seeks recovery of $984.60, assessed in the amount of $246.15 against each of the four remaining Defendants.

The Supreme Court has held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, although counsel's hourly rate is reasonable, the amount of time

3

invested is not reasonable. Instead, the Court finds that a total of $300 in attorney's fees represents a reasonable hourly rate multiplied by the number of hours reasonably expended on drafting and filing the instant motion.

### III. CONCLUSION

Accordingly, based on the foregoing, Plaintiff's motion for costs and attorney's fees (Doc. 25) is hereby **GRANTED IN PART** and Plaintiff is entitled to recover **$6.15** in costs and **$75.00** in reasonable attorney's fees from each of Defendants D&N Masonry, Inc., Don DeBello, Nick DeBello, and Cathy DeBello for a grand total of **$324.60**.

**IT IS SO ORDERED.**

Date: 6/19/2013

Timothy S. Black
United States District Judge

4