UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JESSIE WILSON, | : | Case No. 1:12-cv-922 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| D&N MASONRY, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS DON DEBELLO, NICK DEBELLO, AND CATHY DEBELLO UNDER RULE 55(b) (Doc. 71)**

This civil action is before the Court on Plaintiff's Motion for Default Judgment Against Defendants Don DeBello, Nick DeBello, and Cathy DeBello Under Rule 55(b). (Doc. 71). Defendants did not file responsive memoranda.

### I.     PROCEDURAL HISTORY

The Complaint in this case was filed on December 3, 2012. (Doc. 3). Several months after appearance of counsel and service of an Answer on behalf of all three of the DeBello Defendants, Plaintiff requested leave to file his First Amended Complaint to include a claim against a new party Defendant related to a wage bond. (Doc. 30). The Court granted leave on June 18, 2013, and Plaintiff filed his First Amended Complaint that same day. (Doc. 33). To date, the DeBello Defendants have failed to move, plead, or otherwise defend this matter. (Doc. 66).

## II. ANALYSIS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure and that fact is shown by affidavit or otherwise, the Clerk shall enter the party's default.  *See* Fed. R. Civ. P. 55(a).  Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  However, those allegations relating to the amount of damages suffered are ordinarily not, and a judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.  (*Id.*)

The failure of the DeBello Defendants to respond has made it clear they have no intention of defending this action.  Therefore, default judgment is warranted.

Plaintiff moves for default judgment for the sum certain of $20,134.78.  (Doc. 71 at 4).  As the amount claimed is supported by affidavits and capable of ascertainment from definite figures contained in the documentary evidence, a hearing on damages is not required.  Finally, Plaintiff requests that the amount of attorneys' fees and costs to be recovered shall be determined at a later date.  (*Id.*)

### III. CONCLUSION

Accordingly, based on the foregoing:

1. Plaintiff's Motion for Default Judgment Against Defendants Don DeBello, Nick DeBello, and Cathy DeBello Under Rule 55(b) (Doc. 71) is hereby **GRANTED**; and

2. Plaintiff is awarded judgment against the DeBello Defendants, jointly and severally, in the amount of $20,134.78; and

3. Plaintiff shall submit a motion for attorneys' fees and costs within 30 days of the date of judgment.

**IT IS SO ORDERED.**

Date:  1/3/14 	*/s/ Timothy S. Black*
Timothy S. Black
United States District Judge