UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JESSIE WILSON, | : | Case No. 1:12-cv-922 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| D&N MASONRY, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ATTORNEY'S FEES (Doc. 104)

This civil action is before the Court on Plaintiff's motion for default judgment and attorney's fees against Defendant Prime Masonry Construction, Inc. (Doc. 104). Defendant Prime Masonry Construction did not file a responsive memorandum.

### I.    BACKGROUND

Plaintiff initiated this wage-and-hour suit in December 2012. (Doc. 3). The Court has granted Plaintiff's motions for default judgment and attorney's fees and costs against Defendants D&N Masonry, Inc., Don DeBello, Nick DeBello, and Cathy DeBello. (Docs. 72, 79, 84). With the Court's leave, Plaintiff filed a supplemental complaint against Defendant Prime Masonry Construction as a successor of D&N Masonry. (Doc. 82). Plaintiff asked the Court to order Prime Masonry Construction, jointly and severally with D&N Masonry, Don DeBello, Nick DeBello, and Cathy DeBello, to pay back wages, penalties, liquidated damages, and attorney's fees and costs. (*Id.* at 11).

Defendant Prime Masonry Construction was served on June 23, 2014 (Doc. 88),

but failed to answer on or before July 14, 2014. Therefore, Defendant Prime Masonry

Construction is in default. On July 15, 2014, the Clerk entered default. (Doc. 90).

Subsequently, Plaintiff filed the instant motion for default judgment and attorney's fees.

(Doc. 104).

## II.    ANALYSIS

### A. Default Judgment

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2).

Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's

application for default under Rule 55(b), "the complaint's factual allegations regarding

liability are taken as true, while allegations regarding the amount of damages must be

proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09cv298, 2010 U.S. Dist.

LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard*

*Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to

"conduct an inquiry in order to ascertain the amount of damages with reasonable

certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 U.S. Dist. LEXIS

62027, at *5 (E.D. Mich. June. 23, 2010) (citations omitted). To do so, the civil rules

"require that the party moving for a default judgment must present some evidence of its

damages." *Mill's Pride, L.P. v. W.D. Miller Enters.*, No. 2:07cv990, 2010 U.S. Dist.

LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

2

Plaintiff's claims can be divided into claims for hours worked in Ohio and West Virginia. In Ohio, the Department of Commerce determined Plaintiff was owed back wages in the amount of $4,124.26 under Ohio Rev. Code § 4115.10(A). (Doc. 42-3 at ¶¶ 5-7; Doc. 82 at ¶¶ 27, 36, 57). An additional twenty-five percent penalty must be awarded in favor of Plaintiff under Ohio Rev. Code § 4115.10(A) in the amount of $1,031.06. (*Id.*) Ohio Rev. Code § 4113.15(B) also permits Plaintiff an additional six percent of back wages, which equals $247.46. In sum, Plaintiff's Ohio claims total $5,402.78.

Plaintiff's West Virginia claims are summarized in a recent West Virginia Division of Labor certification of back wages and penalties owed. (Doc. 71-2). Through the certification, the West Virginia Division of Labor determined as follows:

A. Wages Owed:

| | |
|---|---|
| W. Va. Prevailing Wages: | $4,116.00 |
| Non-prevailing Wages Overtime: | $1,300.00 |
| Total West Virginia Wages Owed: | $5,416.00 |

B. Damages Owed:

| | |
|---|---|
| W.Va. Code §21-5A-9(b) Like Amount Penalty: | $4,116.00 |
| 29 U.S.C. §216(b) Overtime Liquidated Damages: | $1,300.00 |
| W.Va. Code §21-5-4(e) Liquidated Damages: | $3,900.00 |
| Total West Virginia Damages Owed: | $9,316.00 |

(*Id.* at 3). In sum, Plaintiff's total claims for hours worked in West Virginia equal $14,732.00.

Plaintiff has received $8,473.25 from collections efforts to date. (Doc. 82). Therefore, for all hours worked in all states, Plaintiff is entitled to **$11,661.53** for back

3

wages, penalties, and liquidated damages (that is, $20,134.78 less $8,473.25 received through collections to date).

## B. Attorney's Fees and Costs

Each of Plaintiff's claims for relief contains a mandatory statutory fee and cost shift. *See* 29 U.S.C. § 216(b) (FLSA Minimum Wage and Overtime); Ohio Rev. Code § 4115.10(A) (Ohio Prevailing Wage); Ohio Rev. Code § 4111.10(A) (Ohio Overtime); Ohio Const., Art. II, Sec. 34a (Ohio Minimum Wage); W. Va. Code § 21-5A-9(b) (West Virginia Prevailing Wage). The Supreme Court has held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court must set attorney's fees in an "amount that is 'reasonable,' 29 U.S.C. § 216(b), and in recent times the starting point has been a 'lodestar' calculation – the product of the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate." *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004) (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). After determining the "lodestar" figure, "[t]hat amount may then be adjusted upwards or downwards, as the district court finds necessary under the circumstances of the particular case." *Id.*

In determining the reasonableness of fees, the Court remains cognizant of "[t]he purpose of the FLSA attorney fees provision" which "is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Dellarussiani v. Ed Donnelly Enterprises, Inc.*, No. 2:07-cv-253, 2010 WL

4

2545349, at \*2 (S.D. Ohio June 16, 2010) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134

(6th Cir. 1994); *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers*

*Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.

1984)). Further, "[c]ourts should not place an undue emphasis on the amount of the

plaintiff's recovery because an award of attorney fees [in a FLSA case] 'encourage[s] the

vindication of congressionally identified policies and rights.'" *Id.* (citing *Fegley*, 19 F.3d

at 1135; *United Slate*, 732 F.2d at 503).

This Court previously awarded Plaintiff $17,700.27 in attorney's fees against

jointly and severally liable Defendants D&N Masonry, Don DeBello, Nick DeBello, and

Cathy DeBello. (Docs. 79, 84). Since the filing of the initial fee application pertaining to

these Defendants, Plaintiff's counsel has worked an additional 20.9 hours in prosecuting

this matter against Defendant Prime Masonry Construction, which has included

researching successor-liability cases, drafting the motion for leave to file a supplemental

complaint, drafting the supplemental complaint, locating assets of Defendant Prime

Masonry Construction, applying for entry of default, successfully attaching Defendant

Prime Masonry Construction's assets, and filing this motion for default judgment. (Doc.

104-1 at ¶ 3). This Court previously approved an hourly rate of $300.00 for Plaintiff's

attorney. (Docs. 79, 84). Accordingly, Plaintiff demands an additional award of

$6,270.00 for fees, for a grand total of $23,970.27 for attorney's fees (that is, the initial

award of $17,700.27 plus the additional $6,270.00). (*Id.* at ¶¶ 5-6).

The Court finds that it was reasonable to expend an additional 20.9 hours

prosecuting this matter. Plaintiff's counsel was previously awarded $300.00 per hour by

this Court in another case against these same Defendants. *Bleyenberg v. D&N Masonry, Inc.*, No. 2:12-cv-777, slip op. at 3 (S.D. Ohio Dec. 3, 2013). *See also Doe v. Ohio*, No. 2:01-cv-464, 2010 WL 2854106, at *4 (S.D. Ohio July 19, 2010) (courts should consider "the hourly billing rates found by Ohio courts to be reasonable in similar cases for attorneys with similar experience"). Plaintiff's rates are commensurate with similar Cincinnati practitioners. (Doc. 76-6 at 39-41). Accordingly, the Court finds that $300.00 is a reasonable hourly rate and the resulting "lodestar" amount of $6,270.00 (the product of the $300 hourly rate and the additional 20.9 hours spent on this matter) is a reasonable amount for the additional work performed.

### III. CONCLUSION

Accordingly, based on the foregoing:

1. Plaintiff's motion for default judgment and attorney's fees against Defendant Prime Masonry Construction, Inc. (Doc. 104) is hereby **GRANTED**;

2. Plaintiff is awarded judgment against Defendant Prime Masonry Construction, Inc., jointly and severally with Defendants D&N Masonry, Inc. (*see* Doc. 84), and Don DeBello, Nick DeBello, and Cathy DeBello (*see* Doc. 72), in the amount of **$11,661.53**;

3. The Court incorporates herein the amount previously awarded to Plaintiff for attorney's fees. (Docs. 79, 84). Plaintiff is awarded attorney's fees against Defendant Prime Masonry Construction, Inc., jointly and severally with Defendants D&N Masonry, Inc., Don DeBello, Nick DeBello, and Cathy DeBello, in the amount of **$17,700.27**;

4. Plaintiff is awarded additional attorney's fees and costs against Defendant Prime Masonry Construction, Inc. in the amount of **$6,270.00**;

5. The Court **ORDERS** the Clerk of Courts and pre-judgment attachment garnishees to release all funds to Plaintiff (Docs. 93, 94, 95); and

6. Because Prime Masonry Construction, Inc. is the only remaining Defendant in this civil action, this case is **TERMINATED**.

**IT IS SO ORDERED.**

Date:  10/9/14

Timothy S. Black
United States ~~District~~ Judge

7