UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JESSIE WILSON, | : | Case No. 1:12-cv-922 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| v. | : | |
| | : | |
| D&N MASONRY, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUPPLEMENTAL
ATTORNEYS' FEES (Doc. 114)**

This civil action is before the Court on Plaintiff's motion for supplemental attorneys' fees (Doc. 114). Defendants Prime Masonry Construction, Inc., Nick DeBello and Cathy DeBello filed a memorandum in opposition (Doc. 116). Defendants D&N Masonry, Inc. and Don DeBello did not file responsive memoranda. Plaintiff filed a reply in support of his request (Doc. 117).

## I. BACKGROUND

Plaintiff initiated this wage and hour suit in December 2012. The Court granted Plaintiff's motions for default judgment and attorneys' fees and costs against Defendants D&N Masonry, Inc., Don DeBello, Nick DeBello, and Cathy DeBello. (Docs. 72, 79, 84). Plaintiff subsequently filed a supplemental complaint against Defendant Prime Masonry Construction as a successor of D&N Masonry. (Doc. 82). On October 9, 2014, the Court granted Plaintiff's motion for default judgment and attorneys' fees and costs against Defendant Prime Masonry Construction. (Doc. 109). The Court awarded

judgment against Defendant Prime Masonry Construction jointly and severally with Defendants D&N Masonry, Inc., Don DeBello, Nick DeBello and Cathy DeBello, in the amount of $11,661.53.[1]  (*Id.*).  The Court also incorporated the amount previously awarded to Plaintiff for attorneys' fees, awarding attorneys' fees against Prime Masonry Construction, Inc., jointly and severally with Defendants D&N, Don DeBello, Nick DeBello and Cathy DeBello, in the amount of $17,700.27.  (*Id.*).  The Court awarded additional attorneys' fees and costs against Defendant Prime Masonry Construction in the amount of $6,270.00.  (*Id.*).

On October 9, 2015, Plaintiff filed his motion for supplemental attorney fees requesting a supplemental award of attorneys' fees for fees incurred in collecting the judgments previously awarded by the Court.  Plaintiff's counsel spent 48.8 hours collecting the judgments.  (Doc. 114, Ex. 1).  Plaintiff seeks an award of $16,587.15 for attorneys' fees he incurred since August 5, 2014, to be entered in favor of Plaintiff and against Defendants Prime Masonry Construction, Inc., D&M Masonry, Inc., Don DeBello, Nick DeBello, and Cathy DeBello, jointly and severally.

## II.    ANALYSIS

Plaintiff contends that he is entitled to a supplemental award of attorneys' fees for his post-judgment collection efforts in this wage and hour case.  Defendants do not appear to refute Plaintiff's contention that he is entitled to fees for his post-judgment

---

[1] The Court originally awarded Plaintiff judgment against Defendants Don DeBello, Nick DeBello, and Cathy DeBello, jointly and severally, in the amount of $20,134.78.  Plaintiff, however, received $8,473.25 from collection efforts prior to his subsequent motions for default judgment, resulting in a later judgment of $11,661.53 (i.e., $20,134.78 less $8,473.25 received through Plaintiff's collections) (Docs. 72, 80).

collection efforts, and affirmatively state that they "have no objection to a reasonable amount of attorney fees being awarded in the case based on the nature of the case". (Doc. 116).  Rather, Defendants contest the reasonableness of the amount of the fees requested.

Although the Sixth Circuit has not addressed whether a plaintiff may recover attorneys' fees for post-judgment collection efforts in a wage and hour case, Plaintiff relies on a recent Southern District of Ohio opinion awarding attorneys' fees for post-judgment collection efforts against a defendant in a wage and hour action.  *Bleyenberg v. D&N Masonry, Inc.*, No. 2:12-cv-777, 2015 WL 5449855, at *2 (S.D. Ohio Sept. 16, 2015).  In that case, involving the same defendants as this action, as well as the same plaintiff's counsel, the plaintiff sought $28,953.30 in attorneys' fees incurred in collecting judgments against the defendants.[2]  *Id.* at *1.  The court concluded that a plaintiff "is permitted to file a supplemental motion for attorneys' fees related to post-judgment collections efforts in a wage-and-hour dispute." *Id.* (citing *Van Dyke v. BTS Container Service, Inc*., No. 3:08-cv-561, 2010 U.S. Dist. LEXIS 324 (D. Or. Jan. 4, 2010) (finding that "[w]ithout such an award, a judgment is a hollow victory for a plaintiff who was improperly paid")).  After determining the requested attorneys' fees to be reasonable, the court granted Plaintiff's supplemental request for attorneys' fees. *Id.* at *2.

---

[2] Notably, the defendants did not file an opposition to the motion for attorneys' fees in *Bleyenberg*.

The Court agrees that Plaintiff is entitled to recover reasonable attorneys' fees for his post-judgment collection efforts in this wage and hour action. Defendants do not argue otherwise. Instead, Defendants take issue solely with the amount of fees requested. Defendants contend, in conclusory fashion, that it is "inconceivable" that Plaintiff's counsel could have spent 48.8 hours collecting on judgments. Defendants also reject the billing rate of Plaintiff's counsel, concluding it is not reasonable for an attorney practicing less than ten years in Hamilton County, Ohio to be charging $330 per hour.

The starting point for determining the amount of reasonable attorneys' fees is the "lodestar" amount. *Imwalle v. Reliance Med. Prods., Inc*., 515 F.3d 531, 551 (6th Cir. 2008). The lodestar amount is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* All that is necessary to prove the reasonableness of attorneys' fees is "evidence supporting the hours worked and rates claimed." *Granada Inv., Inc. v. DWG Corp*., 962 F.2d 1203, 1207 (6th Cir. 1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

After determining the lodestar figure, "[t]hat amount may then be adjusted upwards or downwards, as the district court finds necessary under the circumstances of the particular case." *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004). In determining the reasonableness of fees, "the Court remains cognizant of the purpose of the FLSA attorney fees provision which is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Bleyenberg*, 2015 WL 5339855, at *1 (citing *Dellarussiani v. Ed Donnelly Enterprises, Inc.*, No. 2:07–cv–253, 2010 WL 2545349, at *2 (S.D. Ohio June 16, 2010)).

4

Further, "'[c]ourts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in a FLSA case] 'encourage[s] the vindication of congressionally identified policies and rights.'" *Id.* (citing *Fegley v. Higgins*, 19 F.3d 1126, 1135 (6th Cir. 1994))**.** Indeed, the Sixth Circuit has "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages." *Fegley*, 19 F.3d at 1135 (citing *Posner v. The Showroom, Inc.*, 762 F.2d 1010, 1985 WL 13108 at *2 (6th Cir. 1985)).

The Court finds that the amount of time that Plaintiff's counsel spent on post-judgment collection efforts is reasonable under the circumstances of this case. The uncontested evidence shows that since being awarded judgments in this matter, Plaintiff's counsel has successfully collected $40,000.00 from Defendants, and none of this has been recovered through voluntary payments. (Doc. 114, Ex. 1, ¶ 11). *See Waldo v. Consumers Energy Co.*, 726 F.3d 802, 2013 WL 4038747, at *13 (6th Cir. Aug. 9, 2013) ("the most critical factor governing the reasonableness of a fee award is the degree of success obtained."). While Plaintiff's counsel succeeded in collecting on the judgments, he was able to do so only through numerous garnishments. Thus, while Defendants complain of the number of hours spent on collections activity, the situation is of their own making. Had Defendants paid the judgments willingly, there would have been no need for Plaintiff's counsel to spend so much time collecting the judgments.

The Court agrees with Defendants, however, that a reduction in the $330 hourly rate charged by Plaintiff's counsel is appropriate in this case. This Court previously determined that $300.00 was a reasonable hourly rate for Plaintiff's counsel for hours

5

worked in 2012, 2013, and the first half of 2014. (Doc. 109). Plaintiff's counsel states that starting in the second half of 2014, he started charging $330.00 per hour for this type of case. (Doc. 114, Ex. 1, ¶ 18).

"[T]he party seeking attorneys' fees bears the burden of proving the reasonableness of the hourly rates claimed." *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999). The reasonableness of a claimed hourly rate is determined by reference to the prevailing rate in the relevant market—i.e., the rate that is customarily paid in the community to attorneys of reasonably comparable skill, experience, and reputation. *Project Vote v. Blackwell*, No. 1:06-cv-1628, 2009 WL 917737, at *5 (N.D. Ohio Mar. 31, 2009) (citing *Fuhr v. School Dist. of City of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004). In determining the prevailing rate, a court may "rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Waldo*, 2013 WL 4038747 at *12 (quoting *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. A'ppx 496, 499 (6th Cir. 2011)); *see also Harmon v. McGinnis, Inc.*, 263 F. App'x 465, 468 (6th Cir. 2008) ("[C]ourts are permitted to, and indeed should, consider prior fee awards in determining the proper attorney's fee rate."). "[T]he district court has the discretion to choose either the current or historical rates so long as it explains how the decision comports with the ultimate goals of awarding reasonable fees." *Gonter v. Hunt Valve Co., Inc.,* 510 F.3d 610, 617 (6th Cir. 2007). "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994)

6

The Court concludes that a reduction in counsel's requested $330 per hour rate is appropriate given that Plaintiff's counsel charged only $300 per hour in an almost identical wage and hour case involving the same defendants, for the same period of time. As noted above, the court in *Bleyenberg v. D&N Masonry, Inc.* recently granted Plaintiff's motion for attorneys' fees for its post-judgment collection efforts. 2015 WL 5449855, at *2. In that case, which involved the same defendants, and the same plaintiff's counsel, counsel's billing invoices reflected numerous time entries in late 2014 and in 2015. (No. 2:12-cv-777, Doc. 134, Ex. 2). Plaintiff's counsel's hourly rate in that case, however, was only $300.00 per hour. *Id.* Notably, Plaintiff's counsel's declaration in support of his motion for attorneys' fees, filed on April 9, 2015, stated that Plaintiff's counsel's agreed upon rate for the *Bleyenberg* litigation was $300.00 per hour worked. (Doc. 134, Ex. 1, ¶ 7).[3] Thus, the court in that action awarded fees based on an hourly rate of $300.00 per hour. 2015 WL 5449855, at *2. Accordingly, the Court concludes that $300.00 per hour is a reasonable hourly rate for Plaintiff's counsel in this matter as well. *See Gonter*, 510 F.3d at 618 (upholding district court's calculation of lodestar amount when district court reduced the attorneys' requested billing rates based on firm's own fee application for attorneys' services in another case).

---

[3] Plaintiff's counsel similarly submitted declarations in this case stating that Plaintiff's counsel's agreed upon rate for this litigation is $300 per hour. (Docs. 76, Ex. 1; 104, Ex. 1). Counsel further stated in both cases that he is working on a contingency-fee basis. (Doc. 114, Ex. 1, ¶ 8); Case No. 2:12-cv-777, Doc. 134, Ex. 1, ¶ 8).

7

Accordingly, the resulting "lodestar" amount is $14,640.00 (the product of the $300 hourly rate multiplied by 48.8 hours). The Court finds this to be a reasonable amount of attorneys' fees for Plaintiff's counsel's post-judgment collection efforts.

Plaintiff also requests an additional 3% of the total fee award for prosecuting his supplemental fee petition. The recovery of fees for time spent preparing a party's request for attorneys' fees is legitimate. *See, e.g., Auto Alliance Int'l, Inc. v. United States Customs Serv.*, 155 F. App'x. 226, 229 (6th Cir. 2005); *Weisenberger v. Heucker*, 593 F.2d 49, 53–54 (6th Cir. 1979). The Sixth Circuit's "general rule is that, in the absence of unusual circumstances, the 'fees for fees' recovery should not exceed three percent of the hours in the main case which is decided without trial." *Auto Alliance Int'l, Inc.*, 155 F. App'x. at 229. Accordingly, the Court awards Plaintiff an additional amount of $439.20 for time spent prosecuting the supplemental motion for fees.

Finally, Defendants request a hearing on Plaintiff's motion. The Court is not required to hold an evidentiary hearing on a request for attorneys' fees. *Trustees for Michigan Laborers Health Care Fund v. Eastern Concrete Paving Co.*, 948 F.2d 1290, 1991 WL 224076, at *3 (6th Cir.1991); *Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1402 (6th Cir. 1995) ("[a] hearing is required only where the district court cannot fairly decide disputed questions of fact on the basis of affidavits and other documentation."). Here, the Court is satisfied that the filings, declarations, billing statements, and other material submitted in support of and in opposition to Plaintiffs' supplemental request for attorneys' fees are sufficient to resolve

the disputed attorney fee questions.  As a result, the Court declines to hold an evidentiary hearing.

## III.    CONCLUSION

Accordingly, based on the foregoing, Plaintiff's motion for supplemental attorneys' fees is **GRANTED**, but with a reduction to the total attorneys' fees awarded as detailed above.   Plaintiff is awarded attorneys' fees against Defendant Prime Masonry Construction, Inc., D&N Masonry, Inc., Don DeBello, Nick DeBello, and Cathy DeBello, jointly and severally, in the amount of $15,079.20.

**IT IS SO ORDERED.**

Date:  12/4/15                                            *s/ Timothy S. Black*
                                                                    Timothy S. Black
                                                                    United States District Judge

9